IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA AHERN, | Civil Action |
| Plaintiff, | No. 24-cv-1383 |
| v. | |
| ALLEGHENY CLINIC, A SUBSIDIARY OF ALLLEGENY HEALTH NETWORK, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Amanda Ahern, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991, the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(2). and 42 U.S.C. §1331.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5, as amended, and in particular:

   a. Plaintiff filed a timely written charge of sex discrimination and retaliation with the Equal Opportunity Employment Commission on March 15, 2024 and dual filed with the Pennsylvania Human Relations Commission.

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated July 31, 2024; and.

   c. This action was filed with this Court within 90 days of receipt of that Notice.

1

## II. Parties

3. Plaintiff, Amanda Ahern, ("Ahern") is an adult individual who resides at 125 Morewood Road, Glenshaw, Allegheny County, PA 15116.

4. Defendant Allegheny Clinic, a subsidiary of Allegheny Health Network ("Defendant") is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), in that it employs more than 50 individuals. Defendant operates a place of business at 12311 Perry Highway, Wexford, Allegheny County, PA 15090.

## III. Factual Background

5. Ahern was employed by Defendant since February 1, 2023 and last held the position of Medical Assistant.

6. Ahern was pregnant during her employment with Defendant.

7. On October 31, 2023, Ahern began experiencing severe nausea and vomiting 6-7 times per day.

8. Due to Ahern's medical condition, she was unable to perform her direct care patient job duties.

9. Ahern made her manager aware of her medical condition and Ahern's manager told her to apply for FMLA. Despite not having been employed by Defendant for a year, Ahern was only seven hours short of the required 1250 hours for FMLA.

10. Ahern then asked to work from home as other non-pregnant Medical Assistants were allowed to do, but she was told "it was not fair."

11. Ahern was advised to apply for short term disability, however, while waiting for her doctor's office to complete the paperwork, on November 14, 2023 Defendant fired Ahern.

12. Defendant failed to engage in the interactive process and made no attempt to accommodate Plaintiff as required under the Pregnant Workers Fairness Act ("PWFA").

13. Ahern was told she had violated Defendant's attendance policy, however, her absences from October 31, 2023 until November 14, 2023 were related to seeking medical treatment for Hyperemesis Gravidarum which was due to her pregnancy.

## Count I
## Title VII
## Pregnancy and Gender Discrimination

14. Ahern incorporates by reference the allegations in paragraphs 1 through 13, as if fully set forth herein.

15. Defendant fired Ahern because of her sex and pregnancy in violation of 42 U.S.C. §2000e-2(a)(1).

16. Defendant's actions were done with reckless indifference to Ahern's federally protected rights.

17. As a direct and proximate result of Defendant's actions, Ahern lost her job and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Ahern demands judgment against Defendant for violation of Title VII of the Civil Rights Act of 1964, as amended by Pregnancy Discrimination Act, as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendants' discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which

    occupied on November 14, 2023;

 c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

 d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

 e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

 f. That Plaintiff be awarded punitive damages against Defendant in an amount sufficient to punish it and to deter similar conduct;

 g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

 h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

 i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
### Pregnant Workers Fairness Act

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully restated herein.

19. Defendant failed to accommodate Ahern with a reasonable accommodation because of her pregnancy in violation of PFWA.

20. Defendant violated the PWFA by firing Ahern because she requested a reasonable accommodation and also needed time off as an accommodation.

21. Defendant's actions were done with reckless indifference to Ahern's federally protected rights.

22. As a direct and proximate result of Defendant's actions, Ahern lost her job and

suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Ahern demands judgment against Defendant for violation of the Pregnancy Workers Fairness Act, 42 U.S.C. §2000gg(1), as follows:

a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which occupied on November 14, 2023;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Plaintiff be awarded punitive damages against Defendant in an amount sufficient to punish it and to deter similar conduct;

g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ *John E. Black, III*
John E. Black, III
PA.I.D. No. 83727
225 North Shore Drive, Suite 200
Pittsburgh, PA  15212
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff